USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                           :

ARMSTRONG WILKERSON,                      :

                               Petitioner,  :

                                         :             1:13-cv-3817-GHW

                    -v.-                         :

                                         :             OPINION & ORDER

NEW YORK STATE BOARD OF PAROLE  :
and TINA M. STANFORD, *Chairwoman, Board*  :
*of Parole*,                                   :

                                         :

                              Respondent.  :

                                         :
------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

        On June 3, 2013, *pro se* petitioner Armstrong Wilkerson ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet."), Dkt. No. 1.  He challenges his state court conviction for sale and possession of a controlled substance on a number of grounds.  Magistrate Judge Gorenstein prepared a very careful and thorough report and recommendation in this matter, recommending that the Court deny the petition in full.  The Court adopts the findings of Judge Gorenstein's report and recommendation in full, and denies the petition.

**I.**        **Procedural History**

        On August 5, 2013, Judge Lewis A. Kaplan referred this case to Magistrate Judge Gabriel W. Gorenstein for a report and recommendation.  Dkt. No. 7.  On September 17, 2014, Judge Gorenstein issued a report and recommendation (the "Report"), recommending that the Court deny the petition.  Dkt. No. 18.  This Court granted Petitioner an extension of time by which to file his objection.  Dkt. No. 19.  On October 21, 2014, Petitioner filed a timely objection to the Report (the

"Objection"). Dkt. No. 21. Readers are referred to the Report for a review of the facts relevant to the petition and the procedural history of the case. For the reasons set forth below, after a *de novo* review of the two portions of the Report to which Petitioner objects, and a review for clear error in the remaining portions of the Report, the Court DENIES the Petition for a Writ of Habeas Corpus.

## II.  Standard of Review

In reviewing a Report and Recommendation, a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To trigger *de novo* review, a party's objections to the report must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KIM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). A district court reviews those portions of the report to which no objection has been made, or where a "party makes only conclusory or general objections, or simply reiterates his original arguments . . . only for clear error." *Silva v. Peninsula Hotel,* 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (internal citation and quotation marks omitted). After conducting the appropriate review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  Analysis

### A.  Objections Reviewed *De Novo*

Petitioner objected to two elements of the Report: first, Judge Gorenstein's analysis of Petitioner's claims regarding the trial court's failure to provide him with an independent narcotics expert (Part III.A of the Report), and second, Judge Gorenstein's analysis of the Petitioner's claims regarding the improper introduction of certain evidence (Part III.E of the Report). Following a *de novo* review of each of those two sections of the Report, the Court adopts those sections of the Report in full.

In Part III.A of the Report, Judge Gorenstein analyzed Petitioner's arguments regarding the trial court's decision not to appoint an independent narcotics expert. Judge Gorenstein concluded that the Petitioner "cannot show that the Appellate Division's affirmance of the trial court's refusal to provide him with a narcotics expert was contrary to clearly established federal law." Report at 15. Petitioner's objection with respect to this element of the Report does not focus on the ultimate effect of the trial court's decision—that he did not have the benefit of an independent narcotics expert on his behalf. Instead, it is premised on the contention that the trial court erred in reaching that decision because it failed to "BALANCE the FACTORS nor use its discretion while making the decision." Objection at 8. However, as Judge Gorenstein points out, unless the trial court's decision was contrary to clearly established federal law, it is not a viable basis for federal habeas corpus relief.

In Part III.E of the Report, Judge Gorenstein analyzed Petitioner's claims related to the trial court's decision to admit evidence of prior bad acts. Judge Gorenstein concluded that "[c]ourts have routinely held that federal habeas corpus relief is unavailable to challenge the admission of propensity or 'prior bad acts' evidence because there is no clearly established Supreme Court law barring the practice." Report at 33. Petitioner's Objection reiterates his argument that the trial court's ruling was in error, and recites the testimony that is the basis for his position. It does not, however, effectively undermine Judge Gorenstein's well-reasoned conclusion that any error by the trial court with respect to the admission of such evidence would not be a valid basis for federal habeas corpus relief. For the foregoing reasons, the Court adopts Parts III.A and III.E of Judge Gorenstein's Report in their entirety.

B.   No Clear Error in Remainder of the Report

Petitioner does not object to the remaining sections of the Report. Careful review of those elements of the Report to which Petitioner has raised no objection reveals no clear error. Therefore,

3

the Court adopts those elements of the Report in their entirety.

**IV.     CONCLUSION**

For the foregoing reasons, the Court adopts the Report in its entirety.  The Petition for a Writ of Habeas Corpus is DENIED.

The Clerk of Court is directed to close this case.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).  The Court further certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status will be denied for the purposes of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: February 17, 2015  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge